UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 19-56454

LANIEL ALIA-NASHAWNIA SYKES,                              Chapter 13

                    Debtor.                               Judge Thomas J. Tucker

_____/

## ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

This case is before the Court on the Debtor's motion entitled "Corrected Motion for Reconsideration of Order Disapproving Plan Modif[i]cation," filed on April 13, 2022 (Docket # 64, the "Motion"),[1] which the Court construes as a motion for reconsideration of, and for relief from, the Court's March 30, 2022 Order entitled "Order Disapproving Debtor's Proposed Post-Confirmation Plan Modification" (Docket # 62, the "March 30, 2022 Order"). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), or grounds under Fed. R. Civ. P. 60(b)(6), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the March 30, 2022 Order.

Third, to the extent the Motion relies on the language of 11 U.S.C. § 1323(b) (*see* Mot. at ¶ 7), the Motion is mistaken; that section does not apply here. Section 1323(b) applies only to a **pre-confirmation** modification of a proposed plan. It does not apply to a **post-confirmation** plan modification under 11 U.S.C. § 1329, which is what the Debtor proposed and the Court disapproved. Notably, the list of Bankruptcy Code sections that 11 U.S.C. § 1329(b)(1) says apply to a post-confirmation plan modification does **not** include § 1323(b).

Fourth, the Court was correct in disapproving the Debtor's proposed plan modification, for the reasons stated in the Court's March 30, 2022 Order. That disapproval means that the proposed "plan as modified" did ***not*** "become[] the plan" under 11 U.S.C. § 1329(b)(2).[2]

---

[1] The Motion (Docket # 64) corrects and supersedes a similar motion filed earlier on the same day (Docket # 63).

[2] The Motion does not argue that the Court was required to hold a hearing before entering the March 30, 2022 Order. And the Court was not. Section 1329(b)(2) states that "[t]he plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." This section did

Fifth, the Motion is incorrect in its allegation of a conflict between this Court's local rules and one or more sections of the Bankruptcy Code. There is no conflict between L.B.R. 3015-2(b)(6) (E.D. Mich.), on the one hand, and any of the Bankruptcy Code sections cited by the Motion, on the other hand. None of the Bankruptcy Code sections cited by the Motion states exactly **when** a post-confirmation plan modification ever becomes effective. The local rule provides an answer to that question, and does so without contradicting any Bankruptcy Code provisions.

Sixth, the Motion cites no authority (statute, case, or rule) that supports the Debtor's position that the March 30, 2022 Order was erroneous, or that the Debtor's plan modification can be approved.

Accordingly,

IT IS ORDERED that the Motion (Docket # 64) is denied.

---

not require the Court to actually hold a hearing, under the circumstances. 11 U.S.C. § 102(1) states:

> In this title —
>
> (1) "after notice and a hearing", or a similar phrase—
>
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
> (i) such a hearing is not requested timely by a party in interest; or
>
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

The requirements of §§ 102(1)(A) and 102(1)(B)(i) were met in this case. Neither the Debtor nor anyone else requested a hearing on the Debtor's proposed plan modification. And in any case, a hearing would have been a waste of time and only would have led to unnecessary delay. This is because the Court was compelled by law to disapprove the Debtor's plan modification, for the reasons stated in the March 30, 2022 Order. And while the Debtor makes arguments to the contrary in the present Motion, the Court rejects those arguments as meritless.

2

**Signed on April 14, 2022**



_/s/ Thomas J. Tucker_

**Thomas J. Tucker**
**United States Bankruptcy Judge**